| | |
|---|---|
| James J. Foster<br>Aaron S. Jacobs (CA No. 214953)<br>PRINCE LOBEL TYE LLP<br>One International Place, Suite 3700<br>Boston, MA 02110<br>617-456-8000<br>jfoster@princelobel.com<br>ajacobs@princelobel.com<br><br>Attorneys for Plaintiffs | MARK FOWLER (Bar No. 124235)<br>mark.fowler@us.dlapiper.com<br>CHRISTINE K. CORBETT (Bar No. 209128)<br>christine.corbett@us.dlapiper.com<br>SUMMER TORREZ (Bar No. 264858)<br>summer.torrez@us.dlapiper.com<br>JONATHAN HICKS (Bar No. 274634)<br>jonathan.hicks@us.dlapiper.com<br>**DLA PIPER LLP (US)**<br>2000 University Avenue<br>East Palo Alto, CA 94303-2214<br>Tel:  650.833.2000<br><br>Attorneys for Defendant,<br>APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNILOC USA INC. and<br>UNILOC LUXEMBOURG S.A.,<br><br>           Plaintiffs,<br><br>     v.<br><br>APPLE INC.,<br><br>           Defendant. | Nos.: 3:19-cv-01697-VC<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN**<br><br>Hearing:  July 10, 2019, at 10:00 a.m.<br><br>Courtroom: 4, 17th floor<br>Judge: Hon. Vince Chhabria |

Current Plaintiffs, Uniloc USA, Inc., and Uniloc Luxembourg, S.A., (collectively, "Uniloc"), and Defendant, Apple Inc. ("Apple"), the parties to this action, submit this UPDATED JOINT CASE MANAGEMENT STATEMENT (*see, e.g.*, Sections 5, 6, 8, 10, 17 for substantive changes from the initial Joint Case Management Statement), pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.    Jurisdiction & Service**

This action is a patent infringement case involving U.S. Patent No. 6,836,654 ("the '654 patent"). This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

Uniloc USA and Uniloc Luxembourg intend to move to substitute Uniloc 2017 LLC—the current assignee of the '654 patent—as plaintiff.  Apple will not oppose the motion, but reserves all rights to object to that entity's standing.

There are no disputes regarding jurisdiction or venue, and no parties that remain to be served.

**2. Facts**

*Plaintiffs' Statement*

Uniloc alleges Apple infringes the '654 patent, insofar as Apple imports, uses, offers for sale, and sells electronic devices that utilize antitheft measures.  Such devices include various models of the iPhone and iPad.

*Defendant's Statement*

Uniloc filed this case in the Western District of Texas on May 9, 2018.  On May 11, 2018, the court in the Western District of Texas stayed the case.  On June 12, 2018, Apple filed a Motion to Transfer the case to the Northern District of California, which was granted on March 28, 2019.  Because the case in the Western District of Texas was stayed pending Apple's Motion to Transfer, no patent related contentions or discovery occurred.

Uniloc alleges that Apple infringes the '654 patent.  Apple believes that the principal factual issues in dispute will relate to (a) the non-infringement of the '654 patent; (b) the invalidity of the asserted claims, including how the supposed "inventions" were anticipated by or obvious over the prior art; (c) whether any Uniloc entity has standing to sue Apple regarding the '654 patent; (d) the value, if any, of the '654 patent; and (e) whether Uniloc conducted a reasonable pre-filing investigation and whether it has or had good-faith basis for bringing or maintaining its claims against Apple.  On May 23, 2019, Apple filed an answer denying the material allegations of the Amended Complaint and asserting a number of affirmative defenses.

**3. Legal Issues**

The parties dispute the following legal issues:

- Whether any disputed claim term of the '654 patent should be construed;

- Whether Apple is liable for infringement of the '654 patent pursuant to 35 U.S.C. § 271(a) and (b);
- Whether the asserted claims of the '654 patent are directed to unpatentable, abstract ideas under 35 U.S.C. § 101;
- Whether the asserted claims of the '654 patent are invalid and/or unenforceable under one or more of 35 U.S.C. §§ 102, 103, and/or 112;
- Whether Uniloc's claims are barred or limited based on any affirmative defense;
- Whether or not Uniloc's damages are limited under 35 U.S.C. § 287;
- The amount of damages and other monetary relief, if any, for which Apple is liable, assuming liability is proven, including costs, reasonable attorneys' fees, and interest;
- Whether Apple is entitled to its costs, disbursements, and reasonable attorneys' fees incurred in this action.

**4.     Motions**

Apple moved to dismiss Uniloc's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 25. The court stayed the case, save for preparation for the Initial Pretrial Conference. Dkt. No. 27. Uniloc then filed its First Amended Complaint, vitiating Apple's motion. Dkt. No. 29.

The court held the Initial Pretrial Conference and granted Apple leave to file a motion to transfer. Apple so moved, and the court granted the motion.

As noted above, plaintiffs intend to file a motion to substitute Uniloc 2017 as the plaintiff.

Apple anticipates filing a motion for summary judgment.

**5.     Amendment of Pleadings**

With the substitution of Uniloc 2017, the parties do not expect to further amend pleadings, except with leave of court.

**6.     Evidence Preservation**

The parties have reviewed the ESI Guidelines. The parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportional steps to preserve

evidence. The parties agree that they need not preserve voice or text messages, instant messages or voicemail.

**7. Disclosures**

The parties will exchange their initial disclosures within one week (7 calendar days) of the Initial Case Management Conference.

**8. Discovery**

The parties have exchanged initial discovery requests. The parties are considering entering into a stipulated ESI Order. The parties will submit a proposed ESI stipulation by July 9.

*Email Service Agreement:* The parties have agreed to service of discovery requests, discovery responses, expert reports and other documents that are not served through the Court's ECF system (for example, sealed pleadings) will be by e-mail only. Service by e-mail will be treated as service by hand delivery. Where voluminous documents are not amenable to e-mail transmission, the parties further agree to accept service by other reasonable electronic means, such as by an e-mail providing access to the documents on a FTP site or through other online services, so long as the sender provides instructions on how to access the documents.

The parties further agree that a document is deemed served on a particular day if it (or an email providing access to it) is received by midnight PST on that calendar day (provided that the sender does not receive any indication that the email transmission was unsuccessful); otherwise it is deemed served on the next business day.

*Discovery Limitations:*

   a. The parties agree to the discovery limitation in the Federal Rules of Civil Procedure, unless otherwise noted below:
   b. 45 requests for admissions, except unlimited requests for admissions for document authentication
   c. The parties will use their best efforts to avoid taking more than one deposition of any person, whether in this case or across the multiple cases between the parties,

including, where appropriate, a party agreeing to make deposition testimony of its Party Witness taken in another case between the parties available for use in this case.

    d. <u>Deposition limitations</u>:

*Plaintiffs' Position*:

For non-party witnesses, each side will make a good faith effort to work together to avoid the need for duplicative depositions. Because no issue as to the number of depositions or amount of examination time has ever previously arisen in litigation between legacy Plaintiffs and Apple, Uniloc 2017 does not see a need to impose limits beyond those in the Federal Rules, If an issue should arise as to whether a deposition is unnecessary or excessive, Uniloc 2017 and Apple shall confer in good faith to reach agreement, when they actually know what deposition is involved. Uniloc 2017's proposal gives both parties more flexibility to apportion their time for depositions as each feels appropriate.

*Defendant's Position*: Apple proposes the following:

(a) for party witnesses other than testifying experts, Plaintiffs shall take no more than 40 hours of Rule 30(b)(6) and individual Rule 30(b)(1) depositions of Apple.  Apple shall take no more than 40 hours of Rule 30(b)(6) and individual Rule 30(b)(1) depositions of Plaintiffs.

(b) for non-party witnesses, each side is allowed up to 60 hours of non-party deposition testimony (including depositions taken pursuant to Rules 30(b)(6) and (1).  If additional time is necessary, the parties shall meet and confer in good faith in order to reach agreement.  Each side should make a good faith effort to work together to avoid the need for duplicative depositions.

Apple's position simply mirrors a previously negotiated agreement regarding deposition limitations in another case involving the parties. Case 2:17-cv-00258-JRG, Dkt. 57 at ¶ 5.  In that case, Uniloc alleged patent infringement of three asserted patents and agreed to a party deposition limitation of 40 hours and a non-party deposition limitation of 60 hours.  Here, there is one asserted patent, but in the interest of compromise, Apple is proposing the same deposition limitations. Apple's proposal gives both parties flexibility to apportion their time for depositions as each feels

appropriate and ensures that reasonable deposition limits are placed at the beginning of the case to avoid unnecessary and excessive depositions.

### ***Protective Orders***:

*Plaintiff's Position*: During venue discovery, the Court entered a Protective Order copied from another action (Dkt. # 42). But because the parties had an outstanding issue as to whether its terms should be modified because of an issue that had arisen in that other action, the Court stated "to the extent necessary, the parties may modify that Order by agreement or with court intervention at a later date." If agreement cannot be obtained, Uniloc 2017 will move for certain modifications to that Order.

*Defendant's Position*: The Court already entered a Protective Order Regarding the Disclosure and Use of Discovery Materials on September 13, 2018 (Dkt. # 42), which was not limited to venue discovery. The parties have already spent considerable time negotiating and litigating the appropriate form for a protective order to govern in this case and over a dozen additional cases between them. These efforts, and the guidance from several Court rulings, resulted in a protective order that the parties have routinely applied to cases between them. There is no reason to waste time and effort re-litigating these issues here.

This case is part of a series of 24 litigations Uniloc has filed in the United States against Apple. In August 2017, the parties negotiated and entered a protective order to govern one of the earliest case between them in the Eastern District of Texas, with Judge Gilstrap resolving the disputed issues. *See* E.D. Tex. Case No. 2:17-cv-00258, Dkt. No. 69. Over the next several months, the parties negotiated and agreed to substantively adopt that protective order to govern ten additional cases between them. *E.g.*, E.D. Tex. Case No. 2:17-cv-00470, Dkt. No. 61 (lead case for coordinated proceeding); E.D. Tex. Case No. 2:17-cv-00708, Dkt. No. 47. When all active cases between the parties were transferred to the Northern District of California, Judge Alsup also adopted the previously-agreed protective order. Judge Alsup's only modifications to the previously-negotiated and -entered order stemmed from newly discovered documentary evidence Apple relied

on to (successfully) urge the court to adopt a patent-acquisition bar.  N.D. Cal. Case No. 3:18-cv-00360-WHA, Dkt. No. 111.

Even beyond the parties' exhaustive prior negotiations and litigation regarding the scope of an appropriate protective order in other cases, the order *in this case* has already been subject to motion practice and a Court order entering a protective order.  Before this case was transferred from the Western District of Texas, Plaintiff requested that the parties agree to an "interim protective order" limited to the venue issue.  Plaintiff's request was the subject of an Opposed Motion For An Interim Protective Order, filed on August 16, 2018 (Dkt. # 35).  On August 23, 2018, Apple responded to Plaintiffs' motion, noting that an "interim protective order" was unnecessary, particularly because the parties had already invested significant resources negotiating protective order provisions in other cases between the parties, which ultimately resulted in motion practice and this court resolving the protective order disputes and issuing a protective order.  *See Uniloc v. Apple*, 3:18-cv-360, Dkt. Nos. 84, 89, 97, Protective Order Briefing; Dkt. No. 111, Order Granting in Part and Denying in Part Proposed Protective Order.  A hearing regarding the protective order dispute in this case was held on September 11, 2018 and the court issued an order on September 13, 2018 denying Plaintiffs' motion and agreeing that "Plaintiff's proposed interim protective order is impractical and insufficient, particularly in light of the protective order already negotiated and court-ordered in related cases." (Dkt. # 41).  The Court then entered a protective order "closely tracking the one proposed by Apple which is already in force in the parties' related cases."  *Id.*  There is no reason to rehash the protective order dispute.

*Other Orders*: Other than the aforementioned, at the present time, the parties do not request any other orders under Rule 26(c) or under Rule 16(b) and (c).

**9.    Class Actions**

Not applicable.

**10.    Related Cases**

Apple filed an administrative motion to relate this case to another action between the parties, specifically Case No. 3:19-cv-01691-JST. *See* -1691, Dkt. No. 68. On May 22, 2019, Judge Tigar rejected that motion. *Id.*, Dkt. No. 70, 76.

Uniloc 2017 has also sued other entities in other districts for infringement of the same patent. The active cases involving the '654 patent are:

- *Uniloc 2017 LLC v. Google LLC*, Case No. 2-18-cv-00493 (E.D. Tex.)
- *Uniloc 2017 LLC v. Samsung Elecs. Am., Inc., et al.*, No. 2-18-00508 (E.D. Tex.)
- *Uniloc 2017 LLC v. Motorola Mobility, LLC*, Case No. 1-18-cv-01844 (D. Del.)
- *Uniloc 2017 LLC v. HTC Am., Inc.*, Case No. 2-18-cv-01732 (W.D. Wash.)
- *Uniloc 2017 LLC v. Microsoft Corp.*, Case No. 8-19-cv-00781 (C.D. Cal.).

Samsung has filed two *inter partes review* petitions as to the '654 patent. Apple's deadline to file for IPR has passed.

**11.    Relief**

*Plaintiffs' Statement*

Uniloc seeks damages for patent infringement of at least a reasonable royalty in an amount to be determined.

*Defendant's Statement*

Apple seeks an award of attorneys' fees, costs and expenses, and any other relief as the Court may deem just and proper. It is not possible for Apple to provide a calculation of these damages at this time, as the attorneys' fees, costs, and expenses will continue to accrue until the case is resolved.

**12.    Settlement and ADR**

*Plaintiffs' Statement*

Uniloc would prefer to mediate the case, and do so sooner rather than later.

*Defendant's Statement*

In this case, Uniloc asserts that Apple infringes 1 of the 36 patents that it has sued Apple on in the US, going back to June 2016. The cases on many of those patents are stayed pending inter

partes review (IPR), or appealed from IPRs or district court orders finding the patents invalid. The remaining active cases are all in the earliest phases of litigation, with the only milestone being the recent transfer from W.D. Texas to this District.

The parties previously attended an omnibus mediation before Alexander "Lex" Brainerd, on August 23, 2018. Both parties sought and treated that mediation explicitly as "a global discussion of all aspects of the disputes between them during a single ADR proceeding." No. 3:18-cv-00358, Dkt. 98.

And notably, the parties are already under an order to mediate. On April 24, 2018, in the context of cases between the parties before Judge William H. Alsup, the parties attended an ADR Phone Conference with ADR Program Staff Attorney & Mediator Tamara Lange. On May 1, 2018, Judge Alsup ordered those cases "hereby referred to Chief Magistrate Judge Joseph Spero for mediation/settlement." Case No. 3:18-cv-00365, Dkt. 65 at ¶ 26. The parties attended telephone conferences with Chief Magistrate Judge Spero on May 9 and 24, and December 11, 2018, and April 11, 2019. The next telephone conference with Judge Spero is set for July 11, 2019.

In view of the global dispute, and the multiple existing avenues of ADR between the parties, Apple does not believe a separate ADR proceeding on this case would materially advance the prospects for settlement.

**13.    Consent to Magistrate Judge for All Purposes**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial or entry of judgment.

**14.    Other References**

The parties do not believe this matter is suitable for arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

*Plaintiff's Statement*

Not applicable at this time.

*Defendant's Statement*

Apple anticipates filing a motion for summary judgment.

**16.    Expedited Trial Procedure**

The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.    Scheduling**

*Plaintiffs' Statement*

Insofar as these cases have been pending for more than a year, Uniloc is eager to commence discovery.

*Defendant's Statement*

Although this case has been pending for more than a year, because of the stay instituted in the Western District of Texas, there has been no activity in this case other than discovery related to Apple's Motion to Transfer venue (and the parties just recently served initial discovery requests). While Apple is mindful of this Court's desire to hold a trial date 12-16 months after the date of the original complaint, such a case schedule is unmanageable in this case given the Western District of Texas stay.

*Table of the Parties' Proposed Dates*

| Event | Rule | Uniloc's Proposed Dates | Apple's Proposed Dates[1] |
|---|---|---|---|
| Initial Case Management Conference | | July 10, 2019 | July 10, 2019 |
| Deadline for Parties to Submit a Proposed ESI Order | | | July 9, 2019 |
| Serve Initial Disclosures | Fed. R. Civ. P. 26(a)(1) | July 17, 2019 | July 17, 2019 |
| Plaintiffs' Disclosure of Asserted Claims and Infringement Contentions and accompanying document production | Patent L.R. 3-1; 3-2 | See *, below | July 24, 2019 |

---

[1] While the federal and local rules establish deadlines for many of the events in Apple's proposed case schedule, Apple's proposed schedule largely tracks the federal and local rules, but provides dates certain to avoid any uncertainty regarding deadlines and pushes some dates out of major holidays (*e.g.*, Apple's proposed claim construction briefs deadline).

| Event | Rule | Uniloc's Proposed Dates | Apple's Proposed Dates[1] |
|---|---|---|---|
| Defendant's Invalidity Contentions and accompanying document production | Patent L.R. 3-3, 3-4 | See *, below | September 11, 2019 |
| Exchange proposed claim terms | Patent L.R. 4-1 | See *, below | September 25, 2019 |
| Exchange preliminary claim constructions and extrinsic evidence | Patent L.R. 4-2 | See *, below | October 16, 2019 |
| Uniloc's Damages Contentions | Patent L.R. 3-8 | See *, below | October 30, 2019 |
| Joint Claim Construction and Prehearing Statement | Patent L.R. 4-3 | See *, below | November 8, 2019 |
| Apple's Responsive Damages Contention | Patent L.R. 3-9 | See *, below | November 28, 2019 |
| Completion of Claim Construction Discovery | Patent L.R. 4-4 | See *, below | December 5, 2019 |
| Claim Construction Briefs | Patent L.R. 4-5(a) | See *, below | December 23, 2019 |
| Responsive Claim Construction Briefs | Patent L.R. 4-5(b) | See *, below | January 14, 2020 |
| Reply Claim Construction Brief | Patent L.R. 4-5(c) | See *, below | January 21, 2020 |
| Claim Construction Hearing | Patent L.R. 4-6 | | Subject to the Court's availability |
| Deadline to Complete Fact Discovery | | May 21, 2020 | 60 days after claim construction ruling |
| Deadline to serve Opening Expert Reports by the party bearing the burden of proof | | July 7, 2020 | 45 days after close of fact discovery |
| Deadline to serve Rebuttal Expert Reports by the party not bearing the burden of proof | | See *, below | 60 days after opening expert reports |
| Deadline for Expert Discovery | | 14 days after service of expert's report | 14 days after rebuttal expert reports |
| Deadline to file Dispositive Motions and Daubert Motions | | See *, below | 14 days after deadline for expert discovery |
| Deadline for Responding to Dispositive Motions and Daubert Motions | | See *, below | 14 days after opening dispositive/Daubert motions |
| Deadline for Replies to Dispositive Motions and Daubert Motions | | See *, below | 7 days after response to dispositive/Daubert motions |

| Event | Rule | Uniloc's Proposed Dates | Apple's Proposed Dates[1] |
|---|---|---|---|
| Hearing on Dispositive Motions | | July 1, 2020 | 35 days after filing of dispositive motions |
| Final Pretrial Conference | | September 21, 2020 | Based on Court's availability |
| Trial | | October 5, 2020 | Based on Court's availability |

- *The Federal Rules, Civil Local Rules, and Patent Local Rules already establish deadlines for these events, so it is unnecessary for the Court to "order" a date.

**18.    Trial**

The case will be tried to a jury. The parties anticipate that the trial will take approximately seven court days.

**19.    Disclosure of Non-party Interested Entities or Persons**

The parties have filed the "Certification of Interested Entities or Persons" required by Civil L.R. 3-15.

*Plaintiffs' Statement*

Uniloc Luxembourg assigned the patents to Uniloc 2017 LLC on May 3, 2018. CF Uniloc Holdings LLC is the parent company of Uniloc 2017.

*Defendant's Statement*

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report. Apple states that it has no parent corporation and that no publicly-held corporation owns 10% or more of its stock.

**20.    Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California. .

**21.    Other**

Pursuant to Patent L.R. 2-1(b), the parties further address the following topics:

1  (1) The parties generally propose to follow the obligations and deadlines set forth in the Patent Local Rules, except Apple has requested certain modifications, as set forth in the above case schedule.

(2) The parties will meet and confer regarding any necessary claim construction discovery as the case progresses.

(3) The parties believe that it is premature to address whether live testimony should be heard at the claim construction hearing or the order of presentation. The parties will discuss these issues with each other as discovery proceeds and will make a joint proposal to the Court concerning the logistics for the Markman hearing.

(4) Apple anticipates providing a non-argumentative written or multimedia presentation to the Court describing the technology relevant to the '654 patent.

(5) A non-binding, good-faith estimate of the damages range expected for the case along with an explanation:

*Plaintiffs' Statement*

There has been no discovery to date. As such, Uniloc is unaware of Apple's sales and similar licensing arrangements.

*Defendant's Statement*

Apple seeks an award of attorneys' fees, costs, and expenses, and any other relief as the Court may deem just and proper. It is not possible for Apple to provide a calculation of these damages at this time, as any attorneys' fees, costs, and expenses to which Apple is entitled will depend on future rulings of this Court and will continue to accrue until the case is resolved.

Respectfully Submitted,

Dated: July 3, 2019            */s/ James J. Foster*
                               James J. Foster
                               Aaron S. Jacobs (CA No. 214953)
                               PRINCE LOBEL TYE LLP
                               One International Place, Suite 3700
                               Boston, MA 02110
                               617-456-8000
                               jfoster@princelobel.com
                               ajacobs@princelobel.com

                               Counsel for Plaintiffs

Dated: July 3, 2019            By: */s/ Christine K. Corbett*
                                   Mark D. Fowler
                                   Christine K. Corbett
                                   Summer Torrez
                                   Jonathan Hicks
                                   **DLA Piper LLP (US)**
                                   2000 University Avenue
                                   East Palo Alto, CA 94303-2214
                                   Tel: 650.833.2000

                                   Attorneys for Defendant
                               Apple Inc.