UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILOC USA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE, INC.,<br><br>Defendant. | Case No. 3:19-cv-01697-VC (KAW)<br><br>**ORDER REGARDING 8/12/19 JOINT DISCOVERY LETTER RE REQUEST FOR PRODUCTION NO. 1**<br><br>Re: Dkt. No. 83 |

On August 12, 2019, the parties filed a joint discovery letter pertaining to Uniloc's Request for Production No. 1, which seeks

> [h]igh and low-level technical Documents, including software code, sufficient to completely describe the structure, functions, features, characteristics, capabilities, and operation of the Accused Products, as related to the Patent-in-Suit.

(Joint Letter, Dkt. No. 83, Ex. A at 4.) Apple did not produce any documents in response to the request. (Joint Letter at 2.) Instead, subject to objection, Apple provided that it would "produce non-privileged, responsive documents sufficient to show the requested information within its possession, custody or control to the extent they exist, after a reasonable search of likely custodians, and to the extent such documents relate to the accused functionality based on Apple's understanding of Plaintiffs' yet to be served infringement contentions." (Joint Letter, Ex. A at 5.)

Here, Uniloc contends that the request is not burdensome, because the request only requires that Apple produce "a document or documents 'sufficient to completely describe' how its products operate, as related to the patent." (Joint Letter at 2.) In opposition, Apple argues that there is no discovery dispute, because it has fully complied with the discovery request by making its source code available. (Joint Letter at 3.) Uniloc, however, argues that it has narrowed the scope of the dispute by not seeking source code at this juncture. *Id.*

As an initial matter, the parties are always encouraged to informally narrow the scope of their discovery requests in an effort to resolve those disputes without court intervention. Thus, the fact that Uniloc is not seeking to inspect source code via the instant joint letter is not fatal to its position.

Second, Apple's position that the offer of a source code production satisfies its obligation under the federal rules is unavailing. That the requests seeks "[h]igh and low level documents, *including* software code…" plainly illustrates that source code is only one type of document sought, rather than an exhaustive list. (Joint Letter, Ex. A at 4)(emphasis added.) That source code may be the best evidence in a patent infringement case does not mean that Uniloc is not entitled to other technical documents related to the Accused Products.

The Court understands that Apple has already produced nearly 3,000 technical documents, totaling over 400,000 pages, and expects to complete its production by September 9, 2019. (Joint Letter at 2, 5; Dkt. No. 85 at 1.) This is a reasonable time period given the sheer number of documents responsive to the request. Accordingly, Apple is ordered to complete its production by September 9, 2019.

IT IS SO ORDERED.

Dated: September 4, 2019

KANDIS A. WESTMORE
United States Magistrate Judge