UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>       Plaintiff,<br><br>    v.<br><br>APPLE, INC.,<br><br>       Defendant. | Case No. 19-cv-01697-VC<br><br>**ORDER GRANTING MOTION TO AMEND; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 92, 94 |

     1. Uniloc's motion to amend its infringement contentions is granted for good cause. *See* Patent Local R. 3-6. Uniloc timely moved to amend its contentions upon receipt of material, non-public information regarding the Apple Watch, and Apple has not demonstrated that it will suffer prejudice as a result of the amendment. In any event, the original infringement contentions impermissibly charted the Apple Watch along with the iPhone and iPad. *See* Patent Local R. 3-1(c); *Finjan, Inc. v. Check Point Software Technologies, Inc.*, 2019 WL 955000, at *3 (N.D. Cal. Feb. 27, 2019). The Court would have ordered Uniloc to file compliant infringement contentions, rather than impose the "severe sanction" of striking the contentions outright. *SpeedTrack, Inc. v. Amazon.com, Inc.*, 2018 WL 3328423, at *3 (N.D. Cal. Jul. 6, 2018). The amended contentions remedy this particular deficiency.

     2. Apple's motion to strike Uniloc's amended infringement contentions is denied in large part. The contentions are sufficient to place Apple on reasonable notice of Uniloc's theory for relief. That theory may be inconsistent with the proper claim construction of the patent or with the real-world facts of how Apple's devices operate. But Apple cannot say it is in the dark on Uniloc's theory of infringement.

The one exception is that Apple's motion to strike is granted with respect to Uniloc's boilerplate reservation of rights to argue the doctrine of equivalents. Of course, Uniloc may seek to amend its contentions for good cause if future developments support the application of this doctrine where its applicability is not apparent at present. *See* Patent Local R. 3-6. But Uniloc may not insert a placeholder in the absence of a present theory. *See* Patent Local R. 3-1(e); *Finjan, Inc. v. Sophos, Inc.*, 2015 WL 5012679, at *3 (N.D. Cal. Aug. 24, 2015).

**IT IS SO ORDERED.**

Dated: December 13, 2019

VINCE CHHABRIA
United States District Judge