| | |
|---|---|
| James J. Foster<br>Aaron S. Jacobs (CA No. 214953)<br>PRINCE LOBEL TYE LLP<br>One International Place, Suite 3700<br>Boston, MA 02110<br>617-456-8000<br>jfoster@princelobel.com<br>ajacobs@princelobel.com<br><br>Attorneys for Plaintiffs | MARK FOWLER (Bar No. 124235)<br>mark.fowler@us.dlapiper.com<br>CHRISTINE K. CORBETT (Bar No. 209128)<br>christine.corbett@us.dlapiper.com<br>SUMMER TORREZ (Bar No. 264858)<br>summer.torrez@us.dlapiper.com<br>JONATHAN HICKS (Bar No. 274634)<br>jonathan.hicks@us.dlapiper.com<br>**DLA PIPER LLP (US)**<br>2000 University Avenue<br>East Palo Alto, CA  94303-2214<br>Tel:   650.833.2000<br><br>Attorneys for Defendant,<br>APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>          Defendant. | Nos.: 3:19-cv-01697-VC<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing:  Feb. 26, 2020, at 10:00 a.m.<br><br>Courtroom: 4, 17th floor<br>Judge: Hon. Vince Chhabria |

Pursuant to the Court's Minute Entry of January 22, 2020, Dkt. No. 112, Plaintiff Uniloc 2017 LLC ("Uniloc"), and Defendant Apple Inc. ("Apple"), the parties to this action, submit this FURTHER JOINT CASE MANAGEMENT STATEMENT.

The Court temporarily stayed the case to allow time for the PTAB to determine whether it would institute two IPR petitions filed by Microsoft, which is involved in litigation concerning the same patent in the Central District of California.

On February 11, 2020, the PTAB instituted one of Microsoft's petitions, but denied institution as to the other.  In particular, the PTAB instituted IPR2019-01471, which challenged

1  claims 10-20, *see* Exhibit A; and denied institution as to IPR2019-01470, which challenged claims
2  1-9; *see* Exhibit B.

### *Plaintiff's Statement*

The PTAB refused to institute Microsoft's petition as to claims 1-9, claims that are also asserted against Apple in this case. Even if each of claims 10-20 are ultimately found to be invalid in the course of IPR2019-01471, claims 1-9 will remain valid and enforceable. While claims 1-9 are similar to claims 10-20, they are not the same. Claim 10-16 are method claims. Claims 17-20 are computer-readable-medium claims. But, claims 1-9 are apparatus claims and each includes means-plus-function limitations; they are therefore narrower in scope than claims 10-20. They are also, therefore, less subject to invalidity based upon the asserted prior art.

There are no more pending IPRs as to claims 1-9, and it is too late for Apple to petition for review of the '654 patent. As such, there is no possibility that those claims will be invalidated in the IPR process.

Two courts have already construed terms of the '654 patent—including the means-plus-function terms—and so the current case should be able to proceed expeditiously. In short, there should be no surprises in claim construction, and this Court will have the benefit of guidance of those earlier constructions.

Finally, in light of the fact that this case has been pending for nearly two years, Uniloc is eager to move forward with discovery and a quick schedule. Towards that end, Uniloc proposes that the case begin in earnest with an expedited schedule.

### *Defendant's Statement*

A stay pending the instituted -01471 IPR makes sense. Here, Uniloc has asserted claims 1-5, 7, 10-14, and 17-18 of the '654 patent. The -01471 IPR will conclude with a final written decision determining if claims 10-20 are unpatentable, covering 7 of the 13 asserted claims, and the PTAB's institution decision already determined a "reasonable likelihood" that they are unpatentable.[1]

---

[1] Moreover, as of December 31, 2019, 81% of instituted IPRs have resulted in claims found unpatentable. *See* https://www.uspto.gov/sites/default/files/documents/Trial_Statistics_20191231.pdf.

Although the PTAB declined to institute Microsoft's petition as to claims 1-9, its reason for doing so was not based on the merits, or claims 1-9 being "less subject to invalidity" as Uniloc suggests. Rather, that decision was based solely on the PTAB declining to "exercise [its] discretion to institute multiple, parallel petitions." *See* Ex. B, at 12-13. The Board declined to institute the parallel petition on the basis of "efficiency concerns," and to avoid "substantial and unnecessary burden on the Board." *Id.* at 8-11. This Court should stay parallel litigation for the exact same reasons. Uniloc's counterarguments are unavailing.

<u>First</u>, courts in this District have previously stayed cases where not all asserted claims were subject to IPR. *See, e.g.*, *Symantec Corp. v. Zscaler, Inc.*, No. 17-cv-04426, 2018 WL 3539267, at *2 (N.D. Cal. July 23, 2018) (Tigar, J.) ("The PTAB instituted review for some, but not all of Symantec's asserted claims. However, it is of no moment that not all of the asserted claims of the [ ] patent are subject to the IPR. This is because even if the IPR proceeding does not result in any cancelled or modified claims, this Court will receive the benefit of the PTAB's expertise and guidance on these claims. [Since the] asserted but non-instituted claims overlap to a great degree with the instituted claims[,]. . . .[t]he PTAB's decision will simplify the Court's analysis of all asserted claims.") (internal citations omitted). In fact, courts in this district recognize "a liberal policy in favor of granting motions to stay." *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019) (Gilliam, J.). *See also Robert Bosch Healthcare Sys. v. Cardiocom, LLC*, No. C-12-3864 EJD, 2012 WL 6020012, at *7 (N.D. Cal. Dec. 3, 2012) (Chen, J.) ("[E]ven if an IPR will only simplify some, but not all, of the issues in a case, this factor will weigh in favor of a stay."); *Aavid Thermalloy LLC v. Cooler Master, Ltd.*, No. C 17-05363 JSW, 2019 WL 4009166, at *2 (N.D. Cal. Aug. 26, 2019) ("Even if the PTAB did not find all claims invalid, its rulings would likely clarify claim construction positions for the parties, raise estoppel issues, and encourage settlement."). And, contrary to Uniloc's belief, claims 1-9 need not be identical to claims 10-20 to justify a stay, because the substantial overlap between claims 1-9 and claims 10-20 (as detailed below) will simplify issues in this case. *See Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*, No. 17-CV-07289-LHK, 2018 WL 4859167, at *2 (N.D. Cal. Sept. 28, 2018) ("The standard is simplification of the district court case, not complete elimination of it by the PTAB.").

Second, an invalidity finding by the PTAB as to instituted claims 10-20 may still impact non-instituted claims 1-9, for instance by conferring an issue preclusive effect against the materially similar claims 1-9. *See, e.g.*, *Fellowes, Inc. v. Acco Brands Corp.*, No. 1:10-cv-07587, slip op. at 11-12 (N.D. Ill. Apr. 22, 2019) ("[C]omplete identity of claims is not required to satisfy the identity-of-issues requirement for claim preclusion."); *see also Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) ("[I]f the differences between the unadjudicated and adjudicated patent claims do not materially alter the question of invalidity, issue preclusion applies."). Here, claims 1-9 and 10-20 describe the same invention disclosed in the same '654 patent. *See* MPEP 802.02 (restricting an applicant to elect a "single claimed invention"); 35 U.S.C. § 121. Claims 1-9 recite a mobile radiotelephony device that includes a "blocking means for preventing a normal operation of the mobile radiotelephony device," wherein the blocking means is activated "in response to the mobile radiotelephony device being inactive during the normal operation of the mobile radiotelephony device for a defined period of time subsequent to a mounting of a linked user identification module inside the mobile radiotelephony device." Claims 10-20 similarly recite, for a mobile radiotelephony device, "detecting a period of inactivity of the mobile radiotelephony device," "verifying a user identification module mounted inside the mobile radiotelephony device is linked to the mobile radiotelephony device," and "preventing the normal operation of the mobile radiotelephony device in response" to the detecting and verifying. Like claim 1, claims 11 and 18 also recite that "normal operation" of the device is permitted in response to a supply of a "deblocking code" and the mounting of a "linked user identification module" in the device. The difference in the added limitations of claims 7 and 14 is replacing the words "onto" (claim 14) in place of "is stored on" (claim 7). Claims 2 and 12 both add a limitation that "prevents all transmissions of outgoing calls," either by "the prevention of normal operation of the mobile radiotelephony device" (claim 12) or "an activation of the blocking means" (claim 2). As such, the PTAB's decisions as to the instituted IPR claims will likely impact the scope and validity of the non-instituted IPRs. Uniloc has not explained how any alleged differences between claims 1-9 and 10-20 could materially alter the question of invalidity, nor has it provided any supporting authority for its view that claims 1-9 are "less subject to invalidity." As a result, issue preclusion will likely apply.

CASE NO. 3:18-cv-01697-VC                                   4                         FURTHER JOINT CASE MANAGEMENT
                                                                                          STATEMENT & PROPOSED ORDER
3214020.v1

As a final note, Uniloc has also asserted the '654 patent in *Uniloc 2017 LLC v. Samsung Elecs. Am., Inc. et al.*, No. 2:18-cv-508-JRG (E.D. Tex.). Of the non-instituted claims, claims 1, 3, 4, 5, 7, and 9 of the '654 patent are asserted against Samsung. In that case, trial is scheduled to begin on July 6, 2020, less than five months from now. *Id.* at Dkt. No. 40. If the '654 patent is found invalid at trial, then this case will be moot, as Uniloc's lead counsel Mr. Jacobs admitted at the last CMC.

In the interests of judicial economy, this case should therefore be stayed through the completion of the Microsoft IPR proceeding, or in the alternative, at least through July 2020 when the Court in *Uniloc 2017 LLC v. Samsung Elecs. Am., Inc. et al.* has determined the validity of the '654 patent.

Lastly, if the Court is not inclined to stay the case, Apple's proposed dates for a case schedule are below. Apple objects to any expedited schedule, particularly since much of the purported "delay" in this case was a result of Uniloc filing this case in an improper venue, taking excessive venue discovery and then awaiting a decision on Apple's motion to transfer this case from the Western District of Texas.

***Table of the Parties' Proposed Dates***

If the Court is not inclined to stay the case, the parties propose the following agreed-upon and disputed dates.

| Event | Rule | Uniloc's Proposed Dates | Apple's Proposed Dates |
|---|---|---|---|
| Exchange of claim construction expert declarations | Dkt. No. 107 | March 6, 2020 | March 20, 2020 |
| Completion of Claim Construction Discovery | Patent L.R. 4-4 | March 20, 2020 | April 3, 2020 |
| Opening Claim Construction Brief | Patent L.R. 4-5(a) | March 27, 2020 | April 10, 2020 |
| Responsive Claim Construction Brief | Patent L.R. 4-5(b) | April 10, 2020 | April 24, 2020 |
| Reply Claim Construction Brief | Patent L.R. 4-5(c) | April 17, 2020 | May 1, 2020 |
| Claim Construction Hearing | Patent L.R. 4-6 | Subject to the Court's availability | Subject to the Court's availability |
| Deadline to Complete Fact Discovery | | September 18, 2020 | 60 days after claim construction ruling |

| Deadline to serve Opening Expert Reports by the party bearing the burden of proof | | October 2, 2020 | 45 days after close of fact discovery |
|---|---|---|---|
| Deadline to serve Rebuttal Expert Reports by the party not bearing the burden of proof | | October 30, 2020 | 60 days after opening expert reports |
| Deadline for Expert Discovery | | 14 days after service of expert's report | 14 days after rebuttal expert reports |

|   |   |
|---|---|
| | Respectfully Submitted, |
| Dated:  February 19, 2020 | */s/ Aaron S. Jacobs* |
| | James J. Foster |
| | Aaron S. Jacobs (CA No. 214953) |
| | PRINCE LOBEL TYE LLP |
| | One International Place, Suite 3700 |
| | Boston, MA 02110 |
| | 617-456-8000 |
| | jfoster@princelobel.com |
| | ajacobs@princelobel.com |
| | |
| | Counsel for Plaintiffs |
| Dated:  February 19, 2020 | By: */s/ Christine K. Corbett* |
| | Mark D. Fowler |
| | Christine K. Corbett |
| | Summer Torrez |
| | Jonathan Hicks |
| | **DLA Piper LLP (US)** |
| | 2000 University Avenue |
| | East Palo Alto, CA 94303-2214 |
| | Tel: 650.833.2000 |
| | |
| | Attorneys for Defendant |
| | Apple Inc. |